UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

SHIRLEY A. VANWOERT,　　　　　　　　　　Case No. 11-33514-dof
　　　　　　　　　　　　　　　　　　　　　　　Chapter 7 Proceeding
　　　　　　Debtor.　　　　　　　　　　　　　Hon. Daniel S. Opperman
_____/

OPINION REGARDING DAMAGES INCURRED BY DEBTOR AS A RESULT OF
VIOLATIONS OF THE AUTOMATIC STAY AND DISCHARGE INJUNCTION

Introduction

On January 5, 2012, the Debtor, Shirley VanWoert, filed a Motion for Order to Show Cause claiming that a creditor, Management Resources Development, Inc. ("MRD"), violated the automatic stay and discharge injunction. No response was filed to this Motion and the Debtor filed a Certificate of Non-Response. The Debtor subsequently requested that this Court conduct a hearing on the issue of the actions of MRD and the damages caused by those actions. At the May 30, 2012, hearing, counsel for MRD questioned whether the first action of MRD was a violation of the automatic stay. The Court allowed counsel for MRD time to investigate this action and set the matter for an evidentiary hearing on June 26, 2012. At the June 26, 2012, hearing, Debtor's counsel estimated that attorney fees had increased from $1,500.00, as recited in the January 4, 2012, Motion, to $2,000.00.

On June 6, 2012, the Court conducted a status conference at the request of MRD's counsel. At this status conference, MRD's counsel stated that after investigation, MRD did not have a defense to the three alleged actions that violated the automatic stay or discharge injunction. As a result, this Court cancelled the June 26, 2012, evidentiary hearing, directed Debtor's counsel to file the

1

necessary documents to support Debtor's claim of damages, and allowed MRD the opportunity to respond to that request. Per the June 10, 2012, Order of this Court, this matter would be ripe for decision after the July 13, 2012, responsive pleading of MRD.

Counsel for the Debtor filed the necessary documents supporting Debtor's claim of damages of $1,500.00 per violation and attorney fees totaling $7,417.50. The Debtor also requested $5.00 for postage and a continuing $100.00 per day assessment until MRD paid the full amount owed to the Debtor. MRD filed a response admitting the three violations of the automatic stay or discharge injunction, but questioning and challenging the $1,500.00 per violation request, the attorney fees, and the continuing $100.00 per day assessment. MRD did not challenge the $5.00 postage cost.

Subsequently, the Debtor filed a supplemental brief on August 16, 2012. The Court has carefully reviewed the pleadings, as well as the recording of the May 30, 2012, hearing in connection with this Opinion.

## Statement of Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334 and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Applicable Authorities

Section 362(a)(1) states, in pertinent part, that the filing of a bankruptcy petition "operates as a stay . . . of the . . . continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was . . . commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

Section 362(k)(1) states that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

In this case, MRD admits violating the automatic stay or discharge injunction and the only issue is the amount of damages that should be paid to the Debtor by MRD. To that end, the Court notes that Ms. VanWoert is a widow, and undoubtedly suffered some distress from the repeated efforts of MRD to collect a debt in violation of the automatic stay, as well as her subsequent discharge. Ms. VanWoert does not argue that she suffered actual damages such as loss of income or was required to be treated by a doctor for this distress, but instead claims that she should receive $1,500.00 per each alleged violation. Normally, the Court would not be inclined to award $1,500.00 per incident, but in this case the Court notes that MRD mailed a billing statement to the Debtor on August 2, 2011, and received a letter from Debtor's counsel requesting that MRD cease and desist from engaging in any collection activity by a letter dated September 28, 2011. The Debtor received her discharge on October 18, 2011, but then received still another collection letter on October 25, 2011. Although this collection letter was from a different entity to which MRD had sold the debt, the impact upon the Debtor was substantial. Accordingly, the Court assesses damages of $500.00 for the first two violations of the automatic stay, and $1,500.00 for the third action, which was taken after Debtor's counsel gave notice to MRD, and after the discharge was entered. The Court reaches this conclusion because after receiving notice from Debtor's counsel, MRD should have taken all necessary steps to avoid any further action against the Debtor. Second, this last collection letter came shortly on the heels of the Debtor receiving her discharge, and shook the Debtor's confidence in the discharge that she received.

3

11-33514-dof    Doc 52    Filed 08/28/12    Entered 08/28/12 16:27:34    Page 3 of 5

Turning to the issue of attorney fees, the Court has carefully reviewed the application of Debtor's counsel filed pursuant to the June 10, 2012, Order of this Court. A review of the application shows that Debtor's counsel underestimated the amount of fees incurred prior to the January 4, 2012, Motion, and made a greater underestimation of the fees that were incurred as a result of the May 30, 2012, hearing. While the Court would not normally hold Debtor's counsel to an exact statement of the fees owed, the Court must also consider that MRD relied upon those statements as part of its defense, and subsequent acquiescence as to the issues of liability. Accordingly, the Court will award attorney fees of $2,000.00 for services rendered up to and including the attendance at the May 30, 2012, hearing.

As for attorney fees incurred after that date, the Court concludes that the actions taken by Debtor's counsel after returning to his office on May 30, 2012, through June 19, 2012, are all recoverable. The Court has closely reviewed each and every entry, and does not criticize Debtor's counsel for taking the actions detailed in those entries given the position of MRD that one of the actions was not a violation of the automatic stay. This in turn required Debtor's counsel to engage in discovery in order to prepare for an evidentiary hearing. In turn, these discovery requests undoubtedly prompted MRD's counsel to review the matter closely, and then request the status conference that was held on June 6, 2012. That being said, MRD should not be penalized for an early acquiescence, which avoided the need for an evidentiary hearing that subsequently was discovered to be unnecessary. As a result, the Court awards an additional amount of attorney fees of $3,890.00.

The Court notes that the Debtor has requested an additional $1,550.00 for services rendered from July 13, 2012, through August 7, 2012. While the Court does not doubt that Debtor's counsel

4

provided those services, these services were not necessary or required by order of the Court. In fact, the entry of this Opinion was delayed by the late filing of these pleadings on August 16, 2012. The Court does not award any attorney fees for those services.

As stated previously, there is no challenge to the $5.00 postage charge and the Court awards that amount.

Finally, the Court declines to assess a continuing sanction of $100.00 per day against MRD, at this time. While it is clear that MRD violated the automatic and discharge injunction, the acts of MRD are not so egregious as to compel this Court to award punitive damages. One of the mitigating factors here is that MRD's counsel did contact the Court immediately after investigating the issue raised at the May 30, 2012, hearing, and indicated that he could not go forward at the scheduled evidentiary hearing. While the Court could criticize counsel for not investigating these matters before the May 30, 2012, hearing, the Court instead weighs counsel's candor as a mitigating factor that precludes this Court from awarding punitive damages.

For the reasons stated in this Opinion, the Court assesses damages of $2,500.00 for the three violations of the automatic stay and discharge injunction, $5,890.00 for attorney fees and $5.00 for postage costs.

Counsel for the Debtor is directed to prepare an Order consistent with this Opinion.

**Signed on August 28, 2012**

                                      **/s/ Daniel S. Opperman**
                                **Daniel S. Opperman**
                                **United States Bankruptcy Judge**